FILED
 2005 Apr-25 AM 10:10
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **CRISSY LEE FANN,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| v. | ] CASE NO.: CV-03-VEH-3441-NE |
| | ] |
| **NAHAL, INC. D/B/A/ U.S.** | ] |
| **COMMUNICATIONS, ET AL.** | ] |
| | ] |
| **Defendants.** | ] |

## MEMORANDUM OF OPINION

**I.     INTRODUCTION**

This is a Civil Action filed on December 31, 2003, by the Plaintiff, Chrissy Lee Fann, against the Defendant, Nahal "Mike" Aziz d/b/a U.S. Communications and AAA Security Corporation.  *Complaint*, at 1.  The Complaint alleges the following counts: 1) Sex Discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* (Count One); 2) Retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* (Count Two); and 3) Assault and Battery (Count Three).  All counts are alleged against all Defendants.

The Plaintiff filed an Amended Complaint on February 24, 2004, alleging the same Counts, but adding as a Defendant Nahall, Inc. *Amended Complaint*, at 1.  The Amended Complaint also names Nahal "Mike" Aziz, separately and individually.

This case is before the Court on the Motions for Summary Judgment filed by Mansour Azizkhani a/k/a Nahal "Mike" Aziz. (Docs. 31, 39). For the reasons stated herein, the Motions will be **GRANTED**.

## II. SUMMARY JUDGMENT STANDARD

> In conducting [a summary judgment analysis], [the Court must] view all evidence and factual inferences in the light most favorable to the nonmoving party. *Id.* Summary judgment is proper where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment. *Id.*

*Lofton v. Secretary of Dept. of Children and Family Services,* 358 F.3d 804, 809 (11th Cir. 2004).

## III. FACTS

Nahal, Inc. was incorporated on September 17, 1990. *Affidavit of Aziz*, at 1. Aziz was one of the original incorporators of Nahal, Inc., under the name Mansour Azizkhani, and has always served as its President. *Id.* at 1.

Defendant contends the following:

Nahal, Inc., purchased certain assets of David McAnally d/b/a AAA Securities pursuant to the contract of September 5, 2002, attached hereto as "Exhibit 1." David McAnally d/b/a AAA Securities assigned the

2

assets to Nahal, Inc., by the bill of sale attached hereto as "Exhibit 2." Nahal, Inc., began doing business as U.S. Communications. Nahal, Inc., d/b/a U.S. Communications took over and serviced the contracts for providing security services previously held by David McAnally d/b/a AAA Securities.  Nahal, Inc., d/b/a U.S. Communications began operations and employed the same persons previously employed by David McAnally d/b/a AAA Securites, pursuant to paragraph 4 of the contract attached hereto as "Exhibit 1."  One of those employees was Chrissy Lee Fann.

*Id*. The Defendant contends that he has never employed the Plaintiff, and that he, individually, did not employ any person during the years 2002 and 2003.  *Id.*

The Plaintiff, in her affidavit, contends that the Defendant, individually, purchased AAA Securities.  *Affidavit of Fann*, at 1.  However, she admits that AAA Securities was run as U.S. Communications, "incorporated as Nahal, Inc." *Id.* at 2. She also contends that she was the Defendant's employee. *Id.* at 2.  Specifically she states: "Mike Aziz was the only person who I answered to.  I took all of my direction from him.  I was his employee."  *Id.*

The Contract attached to the Aziz affidavit reflects that Nahal, Inc. purchased AAA Securites.  *Contract for Sale of Assets of AAA Securities*, at 1.  The signature line for "buyer" reads as follows:

> BUYER:
>
> NAHAL, INC.
>
> By: (handwritten illegible signature)

Its    (handwritten word "President")

The bill of sale, which appears to be signed by David McAnally, was also executed on September 5, 2002, and purports to "transfer, assign and set over unto **NAHAL, INC., d/b/a U.S. COMMUNICATIONS**" certain described property. *Bill of Sale*, at 1 (emphasis in original).

The actions that give rise to the Complaint occurred during 2002 and 2003. The Defendant is alleged to have been the perpetrator of most, if not all of the actions at issue.

## IV.  ANALYSIS

The Defendant has been sued in Counts One and Two under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*.  He has been sued individually. The evidence is overwhelming that he was not the Plaintiff's employer. Other than her own conclusory statements the he was her employer, the Plaintiff provides no evidence in support of that allegation. Her contentions that "Mike Aziz was the only person who I answered to," and "I took all of my direction from him," establish nothing more than that the Defendant acted in a supervisory capacity over the Plaintiff.

> Individual capacity suits under Title VII are inappropriate. The relief granted under Title VII is granted against the *employer*, not the individual employees whose action would constitute a violation of the

4

Act.

*Busby v. City of Orlando*, 931 F.2d 764, 722 (1991).  The Motions for Summary Judgment will be **GRANTED** as to all claims based in Title VII against this Defendant.  **JUDGMENT** will be **ENTERED** in favor of this Defendant and against the Plaintiff on Counts One and Two.  The Court will decline to exercise jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).  Accordingly, all remaining claims against this Defendant will be **DISMISSED, without prejudice**.

DONE this 25th day of April, 2005.

*[signature]*

**VIRGINIA EMERSON HOPKINS**
United States District Judge